IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Janna S. Yntema, | Case No. 3:04 CV 7360 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United States Postal Service, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Petition for Prejudgment Interest and Attorneys' Fees and Costs (Docket No. 93). The Motion is opposed by Defendant (Docket No. 96) who asks that the Petition be denied, or at least reduced because (1) Plaintiff achieved only limited success on the merits and (2) the fee request is not commensurate with the damages.

## BACKGROUND

Plaintiff Janna Yntema filed this action pursuant to the Family Medical Leave Act of 1993 (FMLA) alleging that the Defendant United States Postal Service interfered with her FMLA rights and retaliated against her for exercising those rights. The Court granted summary judgment to Plaintiff on the interference claim and granted summary judgment to Defendant on the retaliation claim. Thereafter, the parties entered into a Consent Order resolving Plaintiff's damage claim for $2,000 (Docket No. 92). Under the terms of the Settlement Agreement, Plaintiff reserved the right to seek attorney fees and costs under 29 U.S.C. § 2617(a)(3).

**STANDARD OF REVIEW**

The FMLA specifically provides that the Court "allow a reasonable attorney's fee" in addition to any judgment along with reimbursement for "other costs." 29 U.S.C. § 2617(a)(3). Although Defendant protests that the fee application greatly exceeds the damages, this comparison is not, on its own, determinative of a fee award. This is because limited damages are available under the FMLA and it is not unusual for fee awards to be significantly greater than the actual damages recovered. *See Hoge v. Honda of America Mfg. Inc.*, 2003 U.S. Dist. LEXIS 4068 (S.D. Ohio 2003); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 969 (N.D. Ind. 2002).

Both parties refer the Court to the Supreme Court case of *Hensley v. Eckerhart*, 461 U.S. 424 (1983) for guidance in considering the proper amount of an attorney fee award. In that case, like this case, the court was faced with the issue of "whether a partially prevailing plaintiff may recover an attorney's fee for legal services on unsuccessful claims." *Id.* at 426. *Hensley* provides a roadmap for determining the amount of a reasonable fee.

At the outset, the Court is to look at "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" (the lodestar) and, if "the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. Next, the Court must look at "other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* Specifically, the Court is directed to address two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* In addressing these

2

questions, legal services expended on an unsuccessful claim should not be compensated. Conversely, where an excellent result has been achieved, the lawyers should be fully compensated.

The court further advised "there is no precise rule or formula for making these determinations" with the following instruction (*Id.* at 436):

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

This Court, therefore, is charged with reviewing the success of Plaintiff's claim and, if appropriate, identifying specific hours that perhaps should be eliminated or "simply reduce the award to account for the limited success." *Id. See Thurman v. Yellow Freight*, 90 F.3d 1160, 1169 (6th Cir. 1996) ("When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced"). This Court is again advised to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 1169.

Finally, this Court reviews a fee application by considering: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; and (5) the customary fee. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-18 (5th Cir. 1974).

**PLAINTIFF'S FEE APPLICATION SHOULD BE REDUCED**

Defendant argues that Plaintiff makes no reduction for the number of hours expended with respect to issues upon which Plaintiff did not prevail, specifically dismissal of the retaliation claim. Defendant argues the two claims are "entirely distinct" whereas Plaintiff argues the retaliation and interference claims arose out of "the same nucleus of facts."

Based upon a review of the docket and the previous orders in this case, the Court is not convinced that pursuit of these two claims is so "intertwined" that the legal work would not have been lessened had Plaintiff pursued only the interference claim on which she was successful.

The summary judgment Order in this case (Docket No. 82) outlines the two theories of the case. The interference claim turned upon whether Yntema gave USPS notice of her request for FMLA leave and whether medical recertification was required every thirty (30) days. The retaliation claim is founded on different facts and law. The underlying facts for these two claims involved different time periods and different legal issues. Although Plaintiff's counsel's time sheets do not separately reflect work on each of the claims (nor is it expected that they would), it is appropriate -- not to deny the Petition in total as Defendant suggests -- to reduce the fee award in light of the "limited success".

Other courts have reached a similar conclusion. *Scales v. Bradford & Co.*, 925 F.2d 901, 909-10 (6th Cir. 1991) (plaintiff prevailed on Title VII and retaliation charges, but was unsuccessful on constructive discharge and equal pay violations, finding that the lodestar should be reduced by 50%); *Davis v. Yovella*, 1997 U.S. App. LEXIS 6621, at *20-21 (6th Cir. Apr. 2, 1997) (rejected claim that award of only $250 in damages and equitable relief did not meet lodestar requirement and affirmed

4

district court's consideration that "degree of success was short of the relief sought" by reducing lodestar by 50%).

Defendant makes several specific attacks on the requested fees.

First, Defendant emphasizes that 58 of the 306 hours billed were incurred in the nine months prior to the decision of the arbitrator in a companion matter. As a result of that arbitration, Plaintiff was reinstated to her position as a letter carrier with an award for back pay. In order to avoid unnecessary duplication of effort, it may have been prudent for the parties to request a stay of the litigation pending the outcome of the arbitration. For whatever reason, this was not done and therefore it was necessary for counsel to pursue this case according to the case management schedule.

Second, Defendant points out that eighty percent (80%) of the hours billed by Plaintiff's counsel took place after the arbitrator's Decision which limited Plaintiff's potential recovery in this lawsuit to a maximum liquidated damages award of some $17,000 (the make-whole relief received from the arbitrator). Again, whatever the award, the same amount of work was required by counsel to establish liability and to prepare this case for trial.

Finally, Plaintiff's counsel requests reimbursement for 306 hours of work at a rate of $175 per hour. Defendant does not challenge the hourly rate, but only the number of hours. The Court finds the hours should be reduced because the claim upon which Plaintiff did not prevail was not sufficiently related to the claim successfully settled. Because the Petition does not break out the legal work on the two claims, eliminating specific hours is not possible. Nonetheless, the Court, guided by common sense and the norms of the local legal community, finds it appropriate to apply a percentage reduction. *Reed v. Country Miss*, 1995 U.S. App. LEXIS 14498, at *11-12 (6th Cir. June

5

8, 1995) (simple percentage reduction is appropriate in a fee application by an amount proportionate to the number of plaintiff's successful claims).

## CONCLUSION

After a review of Exhibit A to the Petition, the Court finds that a fifty percent (50%) reduction in Plaintiff's fee statement is appropriate and awards total fees of $26,512.50. Plaintiff's request for costs is not challenged and $3,067.40 for costs is granted for a total award of $29,579.90. Defendant did not object to the request for prejudgment interest and the statute specifically allows for such a recovery. Therefore, interest is awarded at the statutory rate from May 15, 2006.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

October 31, 2006